# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**GUIDEONE MUTUAL INSURANCE COMPANY**                      **PLAINTIFF**

**v.**                                                              **CAUSE NO.: 1:06CV315-SA-JAD**

**KELLY DIANE HALL**                                                  **DEFENDANT**

## MEMORANDUM OPINION

Comes now before this Court, Plaintiff, GuideOne Mutual Insurance Company's Motion for Summary Judgment. After reviewing the motion, response, rules, and authorities, the Court makes the following findings:

*Factual and Procedural Background*

GuideOne Mutual Insurance Company ("GuideOne") issued an insurance policy to Kelly Hall for the dwelling located at 7390 Will Robbins Road on February 28, 2006. The Agreement on the first page of Hall's policy notes that "[GuideOne] will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

In the Homeowner's Application, Hall noted that the dwelling to be insured was her primary residence. Moreover, the "insured location" is defined throughout the policy as the "residence premises," which is further defined as the "one family dwelling where [the insured] reside[s]."

Although the parties dispute when Hall moved out of 7390 Will Robbins Road, it is undisputed that she was not living at that address during March of 2006 and intended that another couple move into that house and pay her rent. Hall had moved some of her clothing, furniture, pet, and other items necessary to a house located at 123 College Street where her and her former husband previously lived while married.

On March 22, 2006, Hall and her friend Kay Mullins were painting and hanging kitchen

cabinets at the Will Robbins Road house. Around noon, Hall and Mullins left the house to procure more paint from a friend. Within twenty minutes, the Nettleton Volunteer Fire Department received a call that the Will Robbins house was on fire. That fire department was at the scene within four minutes.

A State Fire Inspector, Jonathan Owens, was called in to investigate the blaze due to Hall's position with the Monroe County Sheriff's Department.[1] Owens' report notes that direct flame patterns were detected in the living room, with the point of origin of the fire being the recliner. Owens was unable to determine whether the fire was caused by an electrical malfunction or not. His initial investigation caused him to note that the cause of fire was undetermined. Owens later testified that his labeling of the fire as undetermined was based on the heightened standard of proof attendent with criminal investigations. As he could not prove beyond a reasonable doubt that the fire was intentionally set, he therefore labeled the cause of the fire as undetermined.

GuideOne retained Ricky Eley, a certified fire investigator to determine the origin and cause of the Will Robbins house blaze. Eley arrived at the scene on March 23, 2006, and noted ignitable liquid pour burn patterns on the floor in front of and surrounding the recliner. Lonnie Buie, an electrical engineer hired by GuideOne, ruled out an electrical causation for the fire.

Hall filed a claim for insurance on her policy for the damage to property caused by the fire of March 22, 2006. GuideOne engaged in an extensive investigation regarding Hall's finances and determined that based on the financial burdens of two house payments, Hall had sufficient motive to intentionally set fire to her house. Also, as one of the last persons to be in the home prior to the

---

[1] At the time of the fire, Hall was a deputy with the Monroe County Sheriff's Department. Because of the conflicts inherent with another county official inspecting a possible arson of a county law enforcement official, the Mississippi State Fire Inspector was called in.

fire, Kelly Hall, GuideOne determined, had the opportunity to set the fire. Kelly Hall voluntarily submitted herself to an examination under oath during the investigation of her claim; however, she refused to correct and sign her examination of oath.

GuideOne denied Hall's claim on November 13, 2006, for the following reasons: (a) 7390 Will Robbins Road dwelling was not Hall's primary residence at the time of the fire; (b) Hall intentionally caused the fire loss; and (c) Hall did not comply with the policy conditions by failing to sign the examination under oath and concealing or misrepresenting facts regarding the fire to GuideOne investigators. The next day, on November 14, 2006, GuideOne filed this declaratory action asking that this Court establish that the Will Robbins house was not a "residence premises" at the time of the loss, therefore, the fire loss is not covered by the policy, GuideOne is entitled to void the homeowners policy and deny Hall's claim because she breached the duties after loss condition by failing to sign the examination under oath, GuideOne is entitled to void the policy because she concealed and misrepresented material facts and made false statements in connection with the fire loss, and GuideOne has no obligation under the policy because the fire was an intentional loss arising out of acts committed by or at the direction of the insured. Hall filed a counterclaim against GuideOne for bad faith denial of her claim. GuideOne then filed this Motion for Summary Judgment on July 11, 2008.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing

3

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323, 106 S. Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548; Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

*Discussion*

*A. Primary Residence*

GuideOne asserts that because Hall did not actually occupy the 7390 Will Robbins Road house principally for dwelling purposes, no liability for the property loss should arise under the terms of the policy. Specifically, GuideOne notes that the homeowners policy provided coverage on the "one family dwelling where you reside." The Plaintiff's contention is that "residency" refers to the place where the insured actually lives and has her home in accord with the definition from Black's Law Dictionary.

It is undisputed that Hall moved into the house at 123 College Street for at least two weeks prior to the fire. In fact, Hall admitted that she was afraid she did not have any insurance coverage

4

because she was not living in the Will Robbins house at the time of the fire. Hall testified that she was sleeping in the College Street house, her child had a bed there, her dog stayed inside that house, she moved some of her furniture to that house, and her cosmetics were there. Moreover, she admitted that she intended to rent the Will Robbins dwelling to Michael and Heather Cooper as of March 25, 2006, and was refinishing the cabinets in the kitchen for their use. The Sunday before the Will Robbins house burned, Hall testified that she told the Coopers she would have all of her things moved out by Thursday.

Hall also intimated throughout her deposition and examination under oath that she had all intentions of moving back into the house on Will Robbins Road. In fact, she testified that upon selling the house on College Street, she would move back into the Will Robbins Road house because "that was always going to be my house."

Mississippi law holds that the definition of "residency" is a flexible concept. Aetna Cas. & Surety Co. v. Williams, 623 So. 2d 1005, 1009-10 (Miss. 1993) (finding under Mississippi law, a person may have multiple residences simultaneously and that whether a person "resides" at a particular location "is a practical question that turns on the degree of one's attachment to a particular place of abode"). See also Nationwide Mutual Ins. Co. v. Yelverton, 417 F. Supp. 2d 817, 822 (S.D. Miss. 2006) (noting that the "question of whether a person is a resident of one place or another is largely a question of intention" (quoting American Commerce Ins. Co. v. Bachicha, 256 F. Supp. 2d 1219, 1223 (D. N.M. 2003)).

Due to the stated intentions of the Defendant and the evidence of her living arrangement immediately prior to the fire, there exists a genuine issue of material fact as to where Kelly Hall was residing, or whether the house at 7390 Will Robbins Road was her residence dwelling as to be

5

covered by the insurance policy. Plaintiff's Motion for Summary Judgment as to this issue of coverage is denied.

*B. Intentional Acts Exclusion*

GuideOne further contends that under the intentional acts clause of the homeowners policy, they are entitled to deny coverage for this claim based on Hall's actions. That provision provides that in the event of an act committed by an insured or for which the insured conspires to commit with the intent to cause a loss, no coverage is extended. GuideOne contends that as the fire was deemed incendiary, and Hall had the motive and opportunity to set the fire, Hall has clearly breached this intentional acts provision.

There are genuine issues of material fact regarding who, if anyone, set the fire at 7390 Will Robbins Road. Therefore, it would be premature for this Court to grant Plaintiff's Motion for Summary Judgment as this is an issue for trial.

*C. Policy Conditions*

GuideOne also asserts that it is entitled to summary judgment because Hall breached the conditions as set out in the homeowners policy. Under that insurance policy, Hall promised to cooperate with GuideOne in the investigation of a claim, and "submit to examination under oath, while not in the presence of another 'insured', and sign the same." GuideOne reserved the right to deny coverage if the insured's failure to comply with those duties prejudiced the insurer.

Kelly Hall submitted to an examination under oath on June 1, 2006. In her deposition dated April 29, 2008, Hall and her counsel noted that the corrections and signature had not been provided to GuideOne. Specifically, Hall stated that there were "a lot of corrections." However, in her response to summary judgment, Hall attached an executed Examination under Oath certificate dated

6

October 27, 2006.

There is no clear indication of when this acknowledgment by Hall was provided to GuideOne. GuideOne asserts that the failure to produce such document has been prejudicial to them because it has relied upon the "uncorrected" testimony to make its coverage decision. Because there exists genuine issues of material fact as to when GuideOne received this certificate, and if the delay in production caused any prejudice to GuideOne in making coverage decisions, the motion for summary judgment is denied as to this part.

GuideOne next contends that summary judgment is appropriate based on Hall's breach of the Concealment or Fraud Condition clause. The policy contains the following language:

> **Q. Concealment or Fraud**. We provide coverage to no "insureds" under this policy if whether before or after a loss, an "insured" has . . . [i]ntentionally concealed or misrepresented any material fact or circumstance . . relating to this insurance.

Under Mississippi law, an insurance company seeking to defeat a policy on the basis of a "concealment" clause of the type involved in this case must establish that statements made by the insured were 1) false and 2) material and 3) knowingly and willfully made. Clark v. Aetna Cas. & Surety Co., 607 F. Supp. 63, 66 (S.D. Miss. 1985) *aff'd*, 778 F.2d 242 (5th Cir. 1985). The purpose of requiring truthful answers from the insured is to enable the company to obtain all facts "material" to their rights to enable them to decide on their obligations and "to protect them[selves] against false claims." Edmiston, 343 So.2d at 466-67.

GuideOne claims that Hall's misrepresentations regarding her intent to move, her financial condition prior to the fire, and her emotional state void the contract. There are genuine issues of material fact as to whether Hall concealed or misrepresented any information and whether the information she may have misrepresented is material to GuideOne's coverage determination.

7

Therefore, the Plaintiff's Motion for Summary Judgment as to this cause of action is denied.

*D. Bad Faith Counterclaim*

GuideOne also asserts that it is entitled to summary judgment as to Hall's bad faith counterclaim based on the contention that Hall cannot prove the existence of coverage because the Will Robbins house was not her primary residence, and her claim was denied based on a legitimate reason and without malice or gross negligence in disregard of her rights.

In order to prevail in a bad faith claim against an insurer, a plaintiff must show that the insurer lacked an arguable or legitimate basis for denying a claim, or that the insurer committed a willful or malicious wrong, or acted with gross and reckless disregard for the insured's rights. Liberty Mutual Life Insurance Company v. McKneely, 862 So. 2d 530, 533 (Miss. 2003); State Farm Mutual Automobile Insurance Company v. Grimes, 722 So. 2d 637, 641 (Miss. 1998). Bad faith requires a showing of more than bad judgment or negligence; rather, "bad faith" implies some conscious wrongdoing "because of dishonest purpose or moral obliquity." Bailey v. Bailey, 724 So. 2d 335, 338 (Miss. 1998).

In this case, the Defendant has failed to produce evidence showing conscious wrongdoing or any deviation from right thinking on the part of GuideOne. GuideOne's concern at the onset of this matter was who started the incendiary fire which destroyed the house on Will Robbins Road. GuideOne made repeated attempts to ascertain the facts surrounding this claim. GuideOne had arguable and articulable reasons for denying Hall's claim. Under the evidence put forth by motion and response, GuideOne had two experts which testified to particular burn patters and found the fire to be incendiary, an electrical engineer ruled out other accidental causes of the fire, and Hall refused to sign her examination under oath. On those bases, this Court finds that Hall has not met the burden

of proving bad faith. Therefore, Plaintiff's motion for summary judgment as to this claim is granted.

*Conclusion*

Accordingly, Defendant has brought forth genuine issues of material facts as to Hall's residency, breach of policy conditions, and possible involvement in the cause of the blaze at 7390 Will Robbins Road. However, Hall has failed to even allege a claim for bad faith denial of her claim by GuideOne. As such, GuideOne's Motion for Summary Judgment is granted as to Hall's counterclaim for bad faith. Plaintiff's motion is denied as to Hall's potential involvement with the Will Robbins house fire, her alleged breach of policy conditions, and her residency at the Will Robbins house at the time of the blaze.

A bench trial on this matter concerning whether Hall's claim is covered by GuideOne shall commence on Monday, July 21, 2008, at 10:00 a.m. in Aberdeen, Mississippi.

A separate order shall issue forthwith this day.

SO ORDERED, this the __18th__ day of July, 2008.

                                             **/s/ Sharion Aycock**
                                             **U.S. DISTRICT JUDGE**