**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**GUIDEONE MUTUAL INSURANCE COMPANY**                                    **PLAINTIFF**

**v.**                                    **CAUSE NO.: 1:06CV315-SA-JAD**

**KELLY DIANE HALL**                                    **DEFENDANT**

## JUDGMENT

The trial of the above-cited case was held July 21 and 22, 2008, without a jury by the undersigned.  GuideOne Mutual Insurance Company ("GuideOne") offered as witnesses Charles McAdory, Heather Cooper, Jonathan Owens and Rick Eley.  Kelly Diane Hall ("Hall") rebutted with her own testimony, and the court took the case under advisement. The parties have submitted post-trial letter briefs.

The following constitutes the findings of fact and conclusions of law reached by this court pursuant to Federal Rule of Civil Procedure 52:

*Findings of Facts and Conclusions of Law*

GuideOne issued an insurance policy to Kelly Hall for the dwelling located at 7390 Will Robbins Road, Nettleton, Mississippi, on February 28, 2006.  On March 22, 2006, Hall and her friend Kay Mullins were painting and hanging kitchen cabinets at the Will Robbins Road house.  Around noon, Hall and Mullins left the house to procure more paint from a friend.  Within twenty minutes, the Nettleton Volunteer Fire Department received a call that the Will Robbins house was on fire.  That fire department was at the scene within four minutes.

Hall filed a claim for insurance on her policy for the damage caused by the fire of March 22, 2006.  After an extensive investigation, GuideOne denied Hall's claim on November 13, 2006. The

next day, on November 14, 2006, GuideOne filed this declaratory action asking that this Court establish that the Will Robbins house was not a "residence premises" at the time of the loss, therefore, the fire loss is not covered by the policy; GuideOne is entitled to void the homeowners policy and deny Hall's claim because she breached the duties after loss condition by failing to sign the examination under oath; GuideOne is entitled to void the policy because she concealed and misrepresented material facts and made false statements in connection with the fire loss; and/or GuideOne has no obligation under the policy because the fire was an intentional loss arising out of acts committed by or at the direction of the insured. Because the Court finds that GuideOne is not liable under the policy of insurance issued due to Hall's willful incendiarism, there is no reason to address the other defenses GuideOne asserts.

Under Mississippi law, willful incendiarism by an insured is a defense to the insurer's liability. McGory v. Allstate Ins. Co., 527 So. 2d 632, 634 (Miss. 1988) (citing Davidson v. State Farm Fire & Cas. Co., 641 F. Supp. 503, 507 (N.D. Miss.1986); Sullivan v. Amer. Motorist Ins. Co., 605 F.2d 169, 170 (5th Cir. 1979); and Brower v. State, 64 So. 2d 576, 579 (Miss. 1953)). Arson "like adultery is seldom seen," and Mississippi law allows it to be proved circumstantially. McGory, 527 So. 2d at 634. To prove fraud by civil arson, an insurer must prove by clear and convincing evidence the following elements: (1) an incendiary fire; (2) motive of the insured to destroy the property; and (3) evidence that the insured had the opportunity to set the fire or to procure its being set by another. Id. at 634-36 (citations omitted).

The proof at trial showed clearly and convincingly that the fire that burned the Will Robbins Road house was an incendiary fire.

A State Fire Inspector, Jonathan Owens, was called in to investigate the blaze due to Hall's

position with the Monroe County Sheriff's Department.[1]  Owens, a designated expert in fire investigation and origin, reported that direct flame patterns were detected in the living room, with the point of origin of the fire being the recliner.  Owens testified that the fire was unlikely due to a smoldering cigarette because, in his experience, it would take about an hour to an hour and a half to ignite into a larger fire.

Owens' initial investigation caused him to note that the cause of fire was undetermined. Owens later testified that his labeling of the fire as undetermined was based on the heightened standard of proof attendant with criminal investigations.  As he could not prove beyond a reasonable doubt that the fire was intentionally set, he therefore labeled the cause of the fire as undetermined. Owens did note at trial that after reviewing all the evidence, including that collected by GuideOne, he was of the opinion that the fire was intentionally set and a result of an open flame. [2]

GuideOne retained Richard Eley, a certified fire investigator and expert in fire investigation, to determine the origin and cause of the Will Robbins house blaze.  Eley arrived at the scene on March 23, 2006, and noted ignitable liquid pour burn patterns on the floor in front of and surrounding the recliner.  He testified that he reasoned the burn patterns to be the result of ignitable liquid because the burn patterns were up to eighteen inches away from the recliner.  In his opinion,

---

[1]At the time of the fire, Hall was a deputy with the Monroe County Sheriff's Department. Because of the conflicts inherent with another county official inspecting a possible arson of a county law enforcement official, the Mississippi State Fire Inspector is called in to investigate.

[2]The particular testimony is as follows:
Q:      . . . do you have an opinion here today as to whether or not this fire was intentionally set?
A:      Yes, sir.
Q:      Yes you have an opinion or yes you believe it was intentionally set?
A:      Yes, I think it was intentional.

this eighteen inch surround ruled out the possibility that the chair's polyfoam melted that far from the chair. In fact, Eley noted that based on the amount of time and the amount of damage to the house, in his opinion, an accelerant was clearly used. The debris samples he sent for testing found no identifiable accelerant. However, Eley testified that accelerants most of the time are consumed by the fire and are not found in seventy percent of cases of suspected arson.

Eley concurred with Owens that twenty minutes would not be enough time for a smoldering cigarette to cause that much damage to the house and ruled out electrical problems as the origin of the fire by consulting Lonnie Buie, an electrical engineer. Based on his investigation, Richard Eley testified at trial that there was no doubt in his mind that the Will Robbins Road house was intentionally burned. Thus, the evidence presented at trial proves that the fire at the Will Robbins Road house was intentionally set and thus, satisfies the first element of proof for fraud by civil arson.

Richard Eley also testified that fire investigators used a set of common indicators to determine who set a fire. Those indicators were listed as: the financial condition of the insured; proximity in time between the fire and the insured either buying or increasing insurance; absence of personal property in the home; and proximity of the insured near the scene of the fire. Specifically, Eley noted that investigators looked to see if a person was struggling with their business, home, or could not pay the note on their automobile, if the person had numerous checks overdrawn, or if mortgages or car payments were overdue.

Evidence introduced at trial established that Kelly Hall was having trouble with her finances prior to the March 22, 2006, fire. Between October 2005 and March 2006, Hall took out seven loans amounting to $79,800.15, bounced numerous checks, incurred over $1,470 in overdraft fees from

BancorpSouth, and acquired a second mortgage on another home on the verge of foreclosure. GuideOne further put on proof of Hall's monetary problems by highlighting her back taxes due and medical bills in collection.

Prior to the Will Robbins Road fire, Kelly Hall was having to work two jobs to keep up with her payments, was looking to rent out the Will Robbins Road house, and was counting on her ex-husband to begin paying child support in order to make ends meet. Indeed, the record proves that within the month prior to the fire, Hall went to the Bank of Okolona to refinance the Will Robbins Road house and discovered that the marital home located at 123 College Street that she owned with her ex-husband was in the process of foreclosure. Hall decided to use her refinancing proceeds to save that house from foreclosure, so she, therefore, became liable for the 123 College Street house mortgage. Hall testified in a recorded statement to Charles McAdory that she "didn't see any way of making it with two houses. The day all of this happened I was already on the verge of a nervous breakdown." Moreover, Hall's mortgage payments on the Will Robbins Road house were late in the October, December and January preceding the fire.

Hall attempted to establish that she was making $62,000 a year at the time of the fire, but the bank statements and account information on the record did not back up her assertions. Further, her demeanor on the stand was less than credible. Hall became hostile when confronted by Plaintiff's counsel regarding her misstatements and contradictions in her recorded statement, examinations under oath, and testimony at trial.

Further evidence that Hall caused the incendiary fire on March 22, 2006, includes the fact that she purchased insurance from GuideOne less than one month prior to the fire, had removed most

of her personal belongings from the house, including a pet, and was within a close proximity to the house during the fire. For the reasons stated above, GuideOne has carried their burden of proving with clear and convincing evidence that Hall had the motivation to burn the house located at 7390 Will Robbins Road.

Hall testified that about two weeks after the Will Robbins Road house burned, an abandoned house down that same street was burned, and her neighbor three houses down was charged with arson of that residence. However, Jonathan Owens testified that there was no reason to believe Kelly Hall's house was burned by the same arsonist. Particularly, he noted that the arsonist confessed to starting the fires at the other houses, but never admitted to burning Kelly Hall's house. Kelly Hall admitted that she and Kay Mullins were the last to leave the residence before the fire. Hall's vehicle was parked out in front of the house. Moreover, they were gone from the residence less than thirty minutes before the Nettleton Fire Department was called and responded. Based on this evidence as well as the time line on March 22, 2006, the Court finds GuideOne proved by clear and convincing evidence that Kelly Hall had the opportunity to set the fire at her Will Robbin Road residence.

*Discovery Sanctions*

In the hearing held in this case on June 27, 2008, the Court granted GuideOne's Motion for Contempt, established deadlines in this case, and ordered the Plaintiff to submit itemized bills of their attorneys' costs and fees associated with the defendant's failure to comply with discovery orders and deadlines. The Court received the itemized bill which totaled $2,835.10. The defendant voiced no objection and represented to the Court that the amount requested was reasonable. Accordingly, GuideOne is awarded its attorneys' fees and costs in the amount of $2,835.10.

*Conclusion*

In the trial of this case, GuideOne presented clear and convincing evidence that Kelly Diane Hall burned the house located at 7390 Will Robbins Road. The fire was incendiary and intentionally set, and Hall had the motive and the opportunity to set the blaze. Accordingly, this Court finds for the Plaintiff and finds that GuideOne has no liability under its policy for insurance on that residence. Furthermore, Defendant is ordered to pay GuideOne's attorneys' fees and costs in the amount of $2,835.10 for failing to comply with discovery orders and deadlines in this case.

SO ORDERED, this the   26th   day of January, 2009.

**  /s/ Sharion Aycock          **
**U.S. DISTRICT JUDGE**